WEIMER, J., concurring in part and dissenting in part.
I agree with the majority's assessment of the respondent's misconduct, but disagree with the sanction. Although the majority recognizes in mitigation that the respondent "has had an unblemished disciplinary record since his admission to the bar in 1978," I note the respondent has also performed extensive pro bono work. While not technically a factor recognized in the ABA's Standards for Imposing Lawyer Sanctions , our hearing committees have sometimes found pro bono work to be worthy of this court's consideration as a mitigating factor. See, e.g., In re Kerth , 03-1811, p. 9 (La. 10/31/03), 865 So.2d 21, 26. Here, I find the respondent's pro bono record significant and commendable, and hence indicative of favorable "character and reputation," which are recognized as mitigating factors in the ABA's Standards for Imposing Lawyer Sanctions . I believe a one-year suspension would adequately serve the purposes of the disciplinary system.
Hughes, J., dissents.
I respectfully dissent from the two year suspension imposed and would order a suspension of one year and one day.